# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| ASHLEY MILLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV618-072 |
| | ) | |
| KILO KIJAKAZI,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

After the Court remanded Plaintiff's social security appeal to the agency for further proceedings, *see* docs. 21 (Order) & 22 (Judgment), Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 23. After resolution of two Eleventh Circuit appeals that the Commissioner contended might have an impact on the Court's disposition of the EAJA motion, *see* doc. 24, the Court directed the parties to submit supplemental briefing, doc. 25. The parties did not file any supplemental briefing within the time provided, so the Court directed them to "show cause why the motion should not be

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and has been substituted for Acting Commissioner Andrew M. Saul as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

granted." Doc. 26. In response, the parties submitted a "Joint Stipulation for Resolution of Motion for EAJA Fees." Doc. 27; *see also* doc. 28. Within that document the Plaintiff expressly states that she "hereby withdraws [her] Motion for Attorney Fees (Doc. 23) and substitutes this Joint Stipulation for her motion." Doc. 27 at 2. Based on that representation, the Clerk is **DIRECTED** to **DISMISS, as moot**, Plaintiff's prior Motion for Attorney Fees. Doc. 23. The Clerk is further **DIRECTED** to docket the parties' "Joint Stipulation for Resolution of Motion for EAJA Fees" as a motion. Doc. 27. The Court now addresses the parties' joint submission, which contemplates an award of attorney's fees in the amount of $10,138.55.[2] *See* doc. 27 at 1.

## ANALYSIS

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C.

---

[2] "The fact that the parties have stipulated to an EAJA award does not relieve this Court of its obligation to independently assess whether the award is reasonable and otherwise appropriate." *Ridgeway v. Kijakazi*, 2021 WL 4184884, at *3 n.4 (S.D. Ala. Sept. 14, 2021) (citing, *inter alia*, *Piner v. Berryhill*, 2018 WL 560155, at *1 (D.S.C. Jan. 25, 2018) ("Despite there being no objection, the court is obligated under the EAJA to determine if the fee is proper.")).

§ 2412(d)(1)(A)). A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment. *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993). Where an award is appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party, and her request was timely. *Compare* doc. 22 (Judgment entered September 6, 2019) *with* doc. 23 (initial motion filed December 4, 2019). She has also demonstrated that the Commissioner's position was not substantially justified. This is evidenced perhaps most strongly by the Court's Order remanding the case to the agency for further proceedings for the agency to "evaluate Dr. Dasher's March 2014 physical limitations to determine whether plaintiff can work; Dr. Shuman's opinion that plaintiff cannot work due to her diabetes, stress, depression, and anxiety; and address the opinion evidence of Dr. Roth and Dr. Chester to affirm its consistency with the

3

RFC assessment." Doc. 21 at 1. Moreover, the Commissioner does not oppose the request for fees and has therefore not refuted the plaintiff's assertion that the agency's decision was not substantially justified. *See* doc. 27 at 1 ("Defendant agrees that Plaintiff is entitled to attorney's fees under the EAJA."). The Court should find that Plaintiff is entitled to an award pursuant to the EAJA.

The Court must also consider whether the requested fees are reasonable. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question of [attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted). Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

4

The parties' joint submission requests an award to Plaintiff of $10,138.55. Doc. 27 at 1. It does not include any information as to how this amount was calculated. *Id.* It does not provide a breakdown of the number of hours Plaintiff's counsel expended on her case, nor does it include an hourly rate for the Court to consider. *Id.* The Court might deny the request, without prejudice, and require the parties to submit the information necessary for the Court to conduct its mandated review. *See, e.g., Norman*, 836 F.2d at 1299 ("The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.") However, in the interest of the "just, speedy, and inexpensive determination" of the matter, *see* Fed. R. Civ. P. 1, the Court will consider the Plaintiff's prior submissions, *see* doc. 23, and apply its own "knowledge and experience concerning reasonable and proper fees," *see Norman*, 836 F.2d at 1303.

In Plaintiff's initial submission, she requested attorney's fees in the amount of $10,542.71. *See* doc. 23-1 at 10; *see also* doc. 23-3 at 3. The requested award was comprised of 52.05 for the work of two attorneys, Charles L. Martin at a rate of $202.30 for work done in 2018, $202.08 for work done in January 2019, and $204.08 for work done in

March 2019, and Pierre Naides at a rate of $202.08 for work done prior to March 2019, and $204.08 for work done in March 2019. Doc. 23-3 at 3. It is not readily apparent to the Court the reason for the decrease of $404.16 in the amount requested. *Compare* doc. 23 (requesting $10,542.71) *with* doc. 27 (requesting $10,138.55). The most logical interpretation is a reduction of 2.0 of Naides' hours at the rate of $202.08. That reduction results in 50.05 hours for which Plaintiff seeks reimbursement. That amount appears reasonable. The transcript in this case totaled 1462 pages, *see* doc. 11-1, which counsel distilled down to a brief highlighting the pertinent facts, doc. 15. Counsel also attacked the Commissioners' decision through several distinct arguments, including in reply to the Commissioner's brief, which ultimately resulted in remand. *See* doc. 20 *adopted by* doc. 21. The 50.05 hours expended were not unreasonable.

The hourly rates, which Plaintiff points out are "at the EAJA cap adjusted to account for the increase in the cost of living," doc. 23-1 at 4, also appear reasonable and are supported by ample evidence in the record. *See* docs. 23-3, 23-4, 23-5, 23-6, 23-7, 23-8, 23-9, 23-10, and 23-12; *see also* 28 U.S.C. § 2412(d)(2)(A) (expressly contemplating cost of

6

living increases as justifying an hourly rate higher than $125). The evidence reveals that the market rate for Plaintiff's counsels' services might be even higher. *See, e.g.,* doc. 23-5 at 3; doc. 23-7 at 3-4; doc. 23-8 at 2. The parties' joint motion should, therefore, be **GRANTED** and Plaintiff[3] should be awarded fees pursuant to the EAJA in the amount of $10,138.55. Doc. 27.

In their joint submission, the parties' ask the Court to "resolve" Plaintiff's request for fees under certain "terms and conditions," including Plaintiff's agreement that "this will be the only motion for attorney's fees filed by Plaintiff in the instant proceeding under 28 U.S.C. § 2412(d)." Doc. 27 at 1-2. The Court is unaware of any authority permitting it to prospectively bar a party from filing a motion and will not recommend doing so here. To the extent that is a condition

---

[3] The parties indicate in their motion that Plaintiff and her counsel have entered into an assignment agreement. Doc. 27. In *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). The Court should award the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leave it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Id.*; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

of the Commissioner's consent to the fee request, the parties are free to submit additional authority on that issue during the objections period described below. The parties' agreement is, of course, a part of the record of this case.

## CONCLUSION

The Court should **GRANT** the parties' joint motion for an award of attorney's fees under the EAJA. Doc. 27. Plaintiff should be awarded fees in the amount of $10,138.55. *Id.*

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 2nd day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA